UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE GRAVITT and TRAVIS GRAVITT, | |
| Plaintiffs, | CASE NO: 1:17-CV-05428 |
| v. | Judge Gary Feinerman |
| MENTOR WORLDWIDE, LLC, a foreign corporation | **INITIAL STATUS REPORT** |
| Defendant. | |

      Pursuant to Fed. R. Civ. P. 26(f), Local Rules 16 and 16.1 and Judge Feinerman's Standing Orders, counsel for Plaintiffs Catherine and Travis Gravitt ("Plaintiffs") and Defendant Mentor Worldwide, LLC ("Defendant") submit this Initial Status Report. The parties submit this report in advance of the Scheduling Conference set for September 6, 2017 before United States District Judge Gary Feinerman in Courtroom 2125 of the United States District Court located at 219 South Dearborn Street, Chicago, Illinois 60604.

      **A.    Nature of the Case**

          **1.    Attorneys of record, and lead trial counsel, for each party.**

      Plaintiffs' attorneys of record are Ryan A. Margulis and Sean M. Baker of Seidman, Margulis & Fairman LLP, 20 South Clark Street, Suite 700, Chicago, Illinois 60603, and Andy Dogali (*pro hac vice*) of Dogali Law Group, PA, 401 E. Jackson Street, Suite 1825, Tampa, Florida 33602. Plaintiffs' lead trial counsel is Andy Dogali.

      Defendant's attorneys of record are Sherry A. Knutson and Katherine Garceau of Tucker Ellis LLP, 233 South Wacker Drive, Suite 6950, Chicago, Illinois 60606, and Dustin B. Rawlin (*pro hac vice*) of Tucker Ellis LLP, 950 Main Avenue, Suite 1100 Cleveland, Ohio 44113. Defendant's lead trial counsel is Sherry A. Knutson.

          **2.    Basis for federal jurisdiction.**

      28 U.S.C. § 1332. Jurisdiction is based on diversity of citizenship, and that the amount of damages claimed exceeds or may exceed $75,000.00, exclusive of interest and costs.

      28 U.S.C. §§ 1331 and 1441. Jurisdiction is also based on federal question jurisdiction. The device at issue in this case is heavily regulated by the Food and Drug Administration and

resolution of Plaintiffs' claims will turn on the construction of federal law. *See also Merrell Down Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

### 3. Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.

Plaintiff Catherine Gravitt asserts claims for (1) negligence and negligence per se; (2) strict products liability: failure to warn; and (3) strict products liability. Plaintiff Travis Gravitt asserts a claim for loss of consortium. Plaintiffs seek all economic, non-economic, and compensatory damages available under applicable law, in an amount not less than $75,000.

### 4. Whether the defendant will answer the complaint, or alternatively, whether the defendant will otherwise plead to the complaint.

Defendant has filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' Complaint in its entirety. See Dkt. No. 11.

Pursuant to the Norther District of Illinois's Mandatory Initial Discovery Pilot Program and the Court's Scheduling Order, Defendant filed its Answer to Plaintiffs' Complaint on August 22, 2017. *See* Dkt. No. 19.

### 5. Principal legal and factual issues.

Plaintiffs' Position – Plaintiff Catherine Gravitt alleges she sustained personal injuries as a result of defectively manufactured silicone breast implants. Because Plaintiff's proof will show the implants were defectively manufactured, her claims are not preempted under *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008).

Defendant's Position – Defendant denies that the silicone breast implants at issue were defective or that any purported defect in the implants caused Plaintiff's alleged injuries. Defendant states that the silicone breast implants are Class III medical devices that received pre-market approval from the U.S. Food and Drug Administration. Therefore, Plaintiff's claims are preempted under the Medical Device Amendments to the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 360k as the Supreme Court held in *Riegel*.

### 6. Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.

Defendant has been served.

### B. Proceedings to Date

### 1. Summary of all substantive rulings (including discovery rulings) to date.

None at this time.

    **2.** **Description of all pending motions, including date of filing and briefing schedule.**

Defendant's 12(b)(6) Motion to Dismiss Plaintiffs' Complaint in its entirety was filed on July 31, 2017. Plaintiffs' Opposition to Defendants Motion to Dismiss was filed on August 21, 2017. Defendant's Reply to Plaintiffs' Opposition is due to be filed on September 1, 2017.

Defendant's answer was filed on August 22, 2017.

**C.** **Discovery and Case Plan**

    **1.** **Summary of discovery, formal and informal, that has already occurred.**

None at this time.

    **2.** **Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.**

Discovery will encompass electronically stored information, although the parties do not anticipate that it will be voluminous given the allegations focus on the manufacture of Plaintiff's implants. To ensure that discovery proceeds appropriately, the parties believe they will be able to agree on the following:

- Requirements & limits on preservation, disclosure, & production of ESI
- Appropriate ESI searches (including custodians and search terms, or other use of technology-assisted review)
- The format of the ESI.

    **3.** **Proposed scheduling order.**

        **a.** **Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.**

Pursuant to the Standing Order Regarding the Northern District of Illinois's Mandatory Discovery Pilot Program, the Parties will exchange their Mandatory Initial Disclosures on September 1, 2017, via email.

        **b.** **Deadline for issuing written discovery requests.**

The parties propose that the deadline for written discovery requests be April 30, 2018..

        **c.** **Deadline for completing fact discovery.**

The parties propose that the deadline for completing fact discovery be May 31, 2018.

    **d.**  **Whether discovery should proceed in phases.**

The parties do not propose proceeding in phases.

    **e.**  **Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions.**

The parties agree that expert discovery is contemplated in this case.

The parties propose that the deadline for Plaintiffs' Rule 26(a)(2) disclosures be July 31, 2018.

The parties propose that the deadline for Defendant's Rule 26(a)(2) disclosures be due August 31, 2018.

The parties propose that any rebuttals expert disclosures be filed no later than September 14, 2018.

The parties propose that the deadline for expert depositions be October 31, 2018.

    **f.**  **Deadline for amending the pleadings and bringing in other parties.**

The parties propose that the deadline for amended pleadings and for the addition of other parties be May 31, 2018.

    **g.**  **Deadline for filing dispositive motions.**

The parties propose November 16, 2018 as the deadline for filing dispositive motions.

  **4.**  **Whether there has been a jury demand.**

Plaintiffs and Defendant have both demanded a trial by jury.

  **5.**  **Estimated length of trial.**

The parties estimate that the trial will require 7 days.

**D.**  **Settlement**

  **1.**  **Describe settlement discussions to date and whether those discussions remain ongoing.**

None at this time.  Plaintiffs agreed to submit a settlement demand to Defendant.

  **2.**  **Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.

### E. Magistrate Judge

#### 1. Whether the parties consent to proceed before a magistrate judge for all purposes.

The parties do not consent.

#### 2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.

None at this time.

Dated: August 30, 2017

Respectfully submitted,

| | |
|---|---|
| SEIDMAN MARGULIS & FAIRMAN, LLP | TUCKER ELLIS LLP |
| | |
| */s/ Andy Dogali* | */s/ Sherry A. Knutson* |
| Andy Dogali | Sherry A. Knutson |
| adogali@dogalilaw.com | sherry.knutson@tuckerellis.com |
| Dogali Law Group, P.A. | Katherine Garceau |
| 401 East Jackson St., Suite 1825 | katherine.garceau@tuckerellis.com |
| Tampa, FL 33602 | 233 South Wacker Drive, Suite 6950 |
| Telephone: (813) 289-0700 | Chicago, IL 60606-9997 |
| Facsimile: (813) 289-9435 | Telephone: (312) 624-6300 |
| | Facsimile: (312) 624-6309 |
| | |
| Ryan A. Margulis | |
| rmargulis@seidmanlaw.net | OF COUNSEL: |
| Sean M. Baker | Dustin B. Rawlin, Esq. (*pro hac vice*) |
| sbaker@seidmanlaw.net | dustin.rawlin@tuckerellis.com |
| Seidman Margulis & Fairman, LLP | Tucker Ellis LLP |
| 20 South Clark Street, Suite 700 | 950 Main Avenue, Suite 1100 |
| Chicago, IL 60603 | Cleveland, OH 44113 |
| Telephone: (312) 445-9034 | Telephone: (216) 592-5000 |
| Facsimile: (312) 853-2187 | Facsimile: (216) 592-5009 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Mentor Worldwide, LLC* |

5

## CERTIFICATE OF SERVICE

I, Sherry A. Knutson, hereby certify that on the 30th day of August 2017 a copy of the foregoing INITIAL STATUS REPORT was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: August 30, 2017            Tucker Ellis LLP

                                                 By: */s/ Sherry A. Knutson*
                                                          Sherry A. Knutson
                                                          Sherry.knutson@tuckerellis.com

                                                          *One of the Attorneys for Defendant*
                                                          *Mentor Worldwide, LLC*