UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHERINE GRAVITT and TRAVIS GRAVITT,<br><br>               Plaintiffs,<br><br>   v.<br><br>MENTOR WORLDWIDE, LLC, a foreign corporation<br><br>               Defendant. | CASE NO: 1:17-CV-05428 |

**REPLY IN SUPPORT OF DEFENDANT MENTOR WORLDWIDE LLC'S
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**I.     INTRODUCTION**

In her opposition to Defendant Mentor Worldwide LLC's ("Mentor") Motion to Dismiss, Plaintiff Catherine Gravitt ("Plaintiff") misinterprets the applicable law, ignores or mischaracterizes Mentor's arguments, and simply concedes other points. Plaintiff's Complaint should be dismissed as all of her claims are impliedly or expressly preempted and nothing in Plaintiff's Opposition compels a different result.

*First*, Plaintiff has not shown that she has pled a parallel failure to warn claim that survives express or implied preemption or that her claims are casually related to her alleged injuries. Plaintiff attempts to evade preemption by reinterpreting what is really a claim for "failure to complete studies" as a claim for "failure to report adverse events." Her failure to warn claims, however, are based on nothing more than conclusory assumptions stacked on unwarranted deductions, which is insufficient to survive dismissal. To be clear, Plaintiff's claims are not parallel – she is stepping into the shoes of the FDA to enforce federal regulations against Mentor. *Second*, Plaintiff's Response does not even address Mentor's arguments regarding her manufacturing defect allegations and thus concedes that those claims are preempted and inadequately pled. And even if Plaintiff had addresses them, it does not change the fact that her Complaint is simply devoid of factual allegations necessary to sustain a non-preempted parallel manufacturing defect claim. *Third*, Plaintiff still fails to allege a causal connection between any alleged violations and her injuries.

Finally, Plaintiff's argument that Mentor's Rule 12(b)(6) Motion is Dismiss is premature is inapplicable here, where, as Plaintiff herself states "all relevant facts are presented, the court may properly dismiss a case before discovery". Pl's Opp'n at 7. Plaintiff's claims, including her spouse's derivative loss of consortium claim, should be dismissed at this stage.

1

**II.     ARGUMENT**

    **A.     Plaintiff Does Not Assert A Properly Pleaded Failure-to-Warn Claim That Survives Preemption**

        **1.     Plaintiff's failure-to-warn claim is an attempt to enforce a federal regulation and is impliedly preempted**

Although Plaintiff makes the conclusory allegation that Mentor failed to report adverse event reports, her factual allegations actually claim that Mentor did not "complete" its post-approval studies and she thus seeks to enforce an exclusively federal requirement. The MDA's provision that all actions to enforce FDA requirements "shall be by and in the name of the United States" (21 U.S.C. § 337(a)) "leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the medical device provisions." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001). "[C]laims rooted in violation of federal administrative and reporting requirements, but not on traditional state tort law, are impliedly preempted. *Vincent v. Medtronic, Inc.*, 221 F. Supp. 3d 1005, 1009 (N.D. Ill. 2016) (citing *Buckman Co.*, 531 U.S. at 353)).

Plaintiff does not dispute that there is no private right of action for claims premised on the FDCA. *See Vincent*, 221 F. Supp. 3d at 1010 (noting that claims that would amount to enforcement of an FDA requirement without implicating a common-law duty may be brought only by the FDA).[1] Nor does she dispute that there is no state-law duty to conduct follow-up studies. *See generally* Pl.'s Opp'n. The federal requirement to "complete" the post-approval studies outlined in the PMA exists only by virtue of the FDCA and Plaintiff's attempted private enforcement of that requirement is an impermissible attempt to supplant the FDA's exclusive enforcement authority, which is impliedly preempted.

---

[1] Plaintiff's reliance on *Wigod v. Wells Fargo Bank, N.A.*, 673 F. 3d 547, 582 (7th Cir. 2012) for the apparent proposition that the absence of a private right of action weighs against preemption is misplaced because *Wigod* discussed conflict preemption and field preemption, which are not asserted here.

2

Moreover, Plaintiff's own allegations and cited authority confirm that the post-approval studies are within the exclusive enforcement authority of the FDA. Indeed, Plaintiff's allegations are based on data made available by the FDA on its website and the FDA post-approval report which explicitly states that the FDA "[c]losely monitors the status and conduct of the on-going required post-approval studies so that data is collected, validated scientifically and disseminated widely." *See* Compl. ¶ 42 (referring to the FDA Update on the Safety of Silicone Gel-Filled Breast Implants). The FDA, recognizing that "[e]ach study had some patients who were not available for follow-up because they had died or discontinued participation,"[2] has had ample opportunity to identify any deviations from federal requirements in the 10 years since the MemoryGel Silicone Breast Implants' approval, but has not taken any action on the allegations in Plaintiff's Complaint. To allow Plaintiff to now take action against Mentor involving one of the most stringently scrutinized medical devices ever approved by the FDA would frustrate the FDA's authority, conflict with the FDA's enforcement scheme, and run contrary to the precedent set forth in *Buckman*. The FDA has ruled on the safety and efficacy of Mentor's implants after rigorous scrutiny and Plaintiff's attempts to highjack the FDA's role and resurrect the breast implant junk science of the 1990s should be rejected.

      **1.**      **Plaintiff has not pled facts supporting a parallel failure-to-warn claim**

Even if a failure to report adverse events could form the basis of a parallel claim, Plaintiff has not provided factual support that Mentor failed to report any adverse events. Plaintiff does not, and cannot, assert that if Mentor's post-approval study participants had provided more information, that information would necessarily have resulted in reportable "adverse events." Such an assertion would be replete with unwarranted inferences and would require this Court to make acrobatic leaps of logic to find it plausible. Plaintiff simply does not plead any facts that

---

[2] *See* Def's Br. at 2-3.

would allow the court to reasonably infer that Mentor failed to report an adverse event. Plaintiff thus has not "nudged [her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Contrary to Plaintiff's assertion, none of the cases cited in her Opposition compels a different result here. The allegations at issue in Seventh Circuit's *Basuch* decision are simply not comparable to the allegations here. In *Bausch*, the Plaintiff pled specific, plausible facts that are absent here regarding the manufacturer's failure to report adverse events. There, the defendants had received complaints that the product was failing after implantation, the FDA inspected the manufacturing facility and noted "numerous deficiencies", and the FDA issued a warning letter informing the defendants that their product was "adulterated." 630 F.3d 546, 559 (7th Cir. 2010). Relying on those facts, the Seventh Circuit found that a failure to report adverse events to the FDA supported a parallel claim that survived express and implied preemption.

In stark contrast to *Bausch*, in which the plaintiff came forward with *specific* factual allegations supporting a proposed parallel claim, Plaintiff here provides no factual support to demonstrate her unwarranted claim that Mentor "failed to report adverse events." She points to no FDA warning letters or recalls evidencing a failure to report or any failure to inform the FDA of known risks. By providing detail about irrelevant facts regarding the progress of Mentor's post-approval studies, as monitored and scrutinized by the FDA, Plaintiff attempts to create an illusion of specificity. But factual allegations must not only be specific, but also plausible and causally related to a plaintiff's injury. Such is not the case here.

Further, contrary to Plaintiff's contention, her allegations are not "materially indistinguishable" from those asserted in *Laverty v. Smith & Nephew, Inc.*, 197 F. Supp. 3d 1026 (N.D. Ill. 2016). In *Laverty*, plaintiffs alleged that defendant received hundreds of adverse event

reports but delayed reporting them to the FDA, and that despite evidence the product at issue was wearing down more quickly and severely than anticipated, defendant failed to take appropriate action. The *Laverty* plaintiffs thus made specific allegations that the defendant failed to report adverse event reports that were connected to plaintiffs' injuries. Here, however, Plaintiff attempts to mischaracterize the progress and results of Mentor's post-approval studies as somehow indicating that Mentor did not report alleged unspecified adverse events. The progress of post-approval studies and the follow-up rates of study participants – which is beyond Mentor's control – is not, however, equivalent to adverse event reporting. To suggest as much is illogical and disingenuous. Further, unlike *Laverty*, the FDA published a Safety Update on Silicone Breast Implants and acknowledged the follow-up rates in Mentor's post-approval studies, but did not characterize the rates as a failure to report adverse events, nor did it take any action against Mentor.

> **B.** **Plaintiff Does Not Address Defendant's Arguments Pertaining To The Preemption of Her Manufacturing Defect Claims and Therefore Concedes They Are Preempted**

Nowhere in her opposition does Plaintiff address Mentor's argument that her manufacturing defect claims are preempted because she fails satisfy her most basic pleading obligations and plead facts establishing that a manufacturing defect caused her injuries. Because Plaintiff fails to address Mentor's argument that she has not pled a parallel manufacturing defect claim, she concedes the point. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument * * * results in waiver."); *see also Trujillo v. Am. Bar. Assoc.*, No. 13 CV 8541, 2014 WL 7146214, at *3 n.2 (N.D. Ill. Dec. 15, 2014) (refusing to address certain arguments where plaintiff "conceded this issue by failing to address it in his opposition briefs"); *USAA Fed. Sav. Bank v. PLS Fin. Serv., Inc.*, No. 16 C 7911, 2017 WL

2345537, at *3 (N.D. Ill. May 30, 2017) (dismissing plaintiff's negligence per se claim where plaintiff did not respond to defendant's arguments in its motion to dismiss).

### C. Plaintiff Still Has Not Alleged a Causal Nexus Between the Alleged Violation and Her Injuries

Even if Plaintiff's failure to warn and now conceded manufacturing defect claims were plausible, Plaintiff has still not established a causal nexus between her alleged injuries and the alleged federal violations. To properly plead parallel claims that survive preemption, "a plaintiff must allege (1) the violation of a specific federal requirement applicable to the device; (2) the violation of an identical state-law duty; and (3) that the predicate federal violation caused his or her injuries." *Millman v. Medtronic*, No. 14-cv-1465, 2015 WL 778779, at *4 n.2 (D.N.J. Feb. 24, 2015) (citing *Wolicki–Gables v. Arrow Int'l, Inc.*, 634 F.3d 1296, 1300–01 (11th Cir. 2011)).

Like the arguments regarding her manufacturing defect claim, Plaintiff's Opposition fails to address the argument raised in Mentor's motion that Plaintiff's allegations regarding any alleged violation of federal regulations are not causally related to Plaintiff's alleged injuries. Plaintiff makes only the conclusory statement that completion of the studies "would have created public awareness that the products were causing death and serious injuries to end-user patients" Pls.' Opp'n at 4. She has neither defined what those "serious injuries" might be, nor has she pointed to a single fact to support her conclusion that additional information from patients in post-approval studies would reveal any adverse events relating to her injuries. Plaintiff has thus failed to demonstrate that any alleged violation caused her injuries.

### D. A Rule 12(b)(6) Motion Is Appropriate Here

Plaintiff's argument that a Rule 12(b)(6) is premature is inapplicable here, where Plaintiffs' Complaint sets out everything necessary to establish the preemption defense. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (citation omitted). Indeed, in her Opposition,

Plaintiff alleges that her Complaint sets forth facts sufficient to survive express and implied preemption. Moreover, numerous cases have decided similar issues of preemption based on a Rule 12(b)(6) Motion. *See, e.g.*, *Heisner ex rel. Heisner v. Genzyme Corp.*, No. 08-C-593, 2008 WL 2940811 (N.D. Ill. July 25, 2008) (granting defendant's motion to dismiss); *Vincent v. Medtronic, Inc.*, 221 F. Supp. 3d 1005 (N.D. Ill. 2016) (granting defendant's motion to dismiss); *Elmore v. Smith & Nephew, Inc.*, No. 12 C 8347, 2013 WL 1707956 (N.D. Ill. Apr. 19, 2013) (denying defendant's motion to dismiss where plaintiff adequately pled parallel claims); *Bausch v. Stryker Corp.*, 630 F.3d 546 (7th Cir. 2010) (appeal from district court's decision granting defendant's motion to dismiss).

Further, Plaintiff is not entitled to discovery in order to engage in a fishing expedition. Her claims are not plausible on their face and are not connected to her injuries.

### E. Plaintiff Travis Gravitt's Derivative Loss of Consortium Claim Fails.

Because Plaintiff Catherine Gravitt's claims fail, her spouse's derivative loss of consortium claim (Count 4) fails. *See* Mentor's Br. at 15.

### III. CONCLUSION

Based on the above, Mentor respectfully requests that the Court enter an order granting its Motion to Dismiss Plaintiffs' Complaint and dismissing Plaintiffs' action, with prejudice, in its entirety.

7

Dated: September 1, 2017	Respectfully submitted,

TUCKER ELLIS

*/s/ Sherry A. Knutson*
Sherry A. Knutson
sherry.knutson@tuckerellis.com
Katherine Garceau
katherine.garceau@tuckerellis.com
233 South Wacker Drive, Suite 6950
Chicago, IL 60606-9997
Telephone:	(312) 624-6300
Facsimile:	(312) 624-6309


OF COUNSEL:

Dustin B. Rawlin, Esq. (*pro hac vice* filed)
dustin.rawlin@tuckerellis.com
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:	(216) 592-5000
Facsimile:	(216) 592-5009
*Attorneys for Defendant Mentor Worldwide, LLC*

8

## **CERTIFICATE OF SERVICE**

I, Sherry A. Knutson, hereby certify that on the 1st day of September 2017 a copy of the foregoing REPLY IN SUPPORT OF DEFENDANT MENTOR WORLDWIDE, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: September 1, 2017                                     Tucker Ellis LLP

                                                                        By: */s/ Sherry A. Knutson*
                                                                              Sherry A. Knutson
                                                                              Sherry.knutson@tuckerellis.com

                                                                              *Attorneys for Defendant Mentor Worldwide, LLC*