UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE GRAVITT and TRAVIS GRAVITT, | ) | |
| | ) | |
| Plaintiffs, | ) | 17 C 5428 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| MENTOR WORLDWIDE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine and Travis Gravitt brought this suit against Mentor Worldwide, the manufacturer of a silicone breast implant called MemoryGel. Doc. 37. In April 2021, the Gravitts—through their counsel, Andy Dogali and Barbara Uberoi—filed a motion to compel Mentor to produce certain documents. Docs. 240-241. The motion argued that Mentor, by failing to produce all its complaint files from 2009, had violated an order the court had entered back in October 2019. Doc. 240 at 1 (citing Doc. 162). In the Gravitts' view, although the order required Mentor to produce *all* its 2009 complaint files, Mentor had produced only the files associated with rupture, gel bleed, and leakage. *Id*. at 6. The court denied the Gravitts' motion to compel, and now considers Mentor's motion under 28 U.S.C. § 1927 for sanctions against Attorneys Dogali and Uberoi for bringing that motion to compel.

The pertinent background is as follows. In May 2019, the Gravitts filed a motion to compel Mentor to produce a host of documents. Doc. 125. The motion was signed by Attorney Jennifer Lenze, *id*. at 12, who later withdrew from the case, Doc. 184. Among the documents sought by the Gravitts were "[a]ny and all complaint files … regarding breast implant ruptures, silent ruptures, implant seepage, implant bleeds, and any associated complications and

1

procedures." Doc. 125 at 10 (first alteration in original) (quoting Doc. 125-2 at 4). The crux of the discovery dispute prompting the motion was whether Mentor had to produce the complaint files themselves, or only aggregate data summarizing the complaint files. It was very clear at the time that the complaint files sought by the Gravitts were limited to those concerning rupture, leakage, and gel bleed. Doc. 246-2.

In October 2019, the court granted in part the Gravitts' May 2019 motion, ordering Mentor to produce the individual complaint files for a calendar year to be selected by the Gravitts. Doc. 162 at 1-2 (noting that the parties had agreed to that procedure). The Gravitts selected calendar year 2009. At a November 2019 status hearing, the parties discussed Mentor's progress in complying with the court's order. Docs. 168, 246-1. In addressing which complaint files Mentor would produce, the parties and the court had this exchange:

> MS. LENZE: And I just want to make sure on the record that we were getting any and all complaints related to bleed, rupture, and so forth from that entire year … .
>
> …
>
> THE COURT: I see. Why don't we take the second concern first, whether it's just MDR and ASR or everything. What's your position on that?
>
> MR. RAWLIN: The company pulled all individual complaint files from 2009 that referenced rupture, gel bleed, or leakage.
>
> THE COURT: Okay. So, it seems like—it seems like you and the defendant are on the same page, counsel, is that right?
>
> MS. LENZE: That's wonderful, your Honor. Thank you.
>
> THE COURT: Okay. …

Doc. 246-1 at 3-4. Mentor later produced individual complaint files from 2009 that referenced rupture, gel bleed, or leakage, just as the parties and the court expected. Doc. 162 at 1 ("Mentor produced aggregate data and summary reports regarding rupture, leakage, and gel bleed, while

Plaintiffs seek individual complaint files."); Docs. 246-3, 246-4, 246-5 (transmittal emails for the individual 2009 complaint files that Mentor produced).

In April 2021, the Gravitts—through Attorneys Dogali and Uberoi—moved to compel Mentor to produce *all* the 2009 complaint files, arguing that the October 2019 order "clearly requires Mentor to produce 'all of the individual complaint files from [2009]" and not just those associated with rupture, leakage, and gel bleed. Doc. 240 at 7. They filed that motion despite Mentor's counsel's suggestion during Local Rule 37.2 discussions "that Plaintiffs' counsel discuss this issue with [Attorney] Lenze[,] who had argued the [May 2019] motion to compel and was present in court at several hearings where this issue was discussed, and [Mentor's counsel's further suggestion that] Plaintiffs' counsel [review] the Order and the transcripts of proceedings." Doc. 246 at 7 (citing Doc. 246-9); *see also ibid*. (noting that "Mentor's counsel implored Plaintiffs' counsel to read the briefs, the transcripts, the Order and the record in its totality and speak to [Attorney Lenze]. Plaintiffs' counsel remained recalcitrant and refused."). On the day Mentor was due to respond to the Gravitts' motion, Attorneys Dogali and Uberoi filed a supplemental memorandum conceding that, based on their "additional review of the transcripts," they had misunderstood what the October 2019 order required of Mentor and, accordingly, "withdr[e]w their assertion or any suggestion that the Mentor unilaterally limited the scope of production from 'all' complaint files." Doc. 243 at 1-2. Surprisingly, however, Attorneys Dogali and Uberoi did not withdraw the Gravitts' motion to compel; instead, they cryptically asserted that "Plaintiffs continue to believe that [Mentor's] production does not meet the requirements or spirit of the Courts October 3, 2019 order regarding production of the individual complaint files as stated in their principal memorandum." *Id*. at 3.

3

The court denied the Gravitts' motion to compel. Doc. 258 (reasons stated on the record). What remains for resolution is Mentor's motion for sanctions against Attorneys Dogali and Uberoi under § 1927 for bringing and persisting with the motion to compel. Doc. 245. Mentor's motion for sanctions is granted.

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As the Seventh Circuit has explained, "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Kapco Mfg. Co. v. C & O Enters.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (internal quotation marks omitted); *see also Mach v. Will Cnty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) ("[I]n the … context of 28 U.S.C. § 1927, … the term 'bad faith' has both a subjective and objective meaning, and we often treat reckless and intentional conduct equally. Furthermore, bad faith may occur beyond the filing of the case and '"may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation."'") (citations omitted) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

It would be difficult to describe Attorney Dogali and Uberoi's conduct regarding the April 2021 motion to compel in terms more apt than as "a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Kapco Mfg.*, 886 F.2d at 1491. Despite Mentor's counsel urging them to do so before filing the motion to compel, Doc. 246-9 at 2, Attorneys Dogali and Uberoi apparently did not bother to discuss the relevant background with Attorney Lenze, and they did not carefully review the briefing or transcripts associated with the earlier motion to compel. And making matters worse, they refused to withdraw their motion

4

to compel even after acknowledging that it was premised on a misunderstanding of the court's earlier order. Under these unfortunate and unusual circumstances, and regardless of whether Attorneys Dogali and Uberoi acted with subjective bad faith, § 1927 sanctions against them are warranted. *See Estate of Perry v. Wenzel*, 872 F.3d 439, 463 (7th Cir. 2017) ("While an attorney's subjective bad faith is sufficient to impose § 1927 sanctions, a court need not make such a finding. Rather, a finding of objective bad faith will support an award of sanctions.") (citations omitted); *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 709 (7th Cir. 2014) (imposing § 1927 sanctions on an attorney for "press[ing] for a meritless 'emergency' discovery hearing").

True enough, over the course of this litigation, Mentor has occasionally been in the wrong as to its discovery obligations. But that does not relieve the Gravitts' counsel from their obligation to diligently investigate whether the motions they bring have arguable merit. Here, prudent attorneys would have carefully reviewed the earlier briefing and hearing transcript and spoken with Attorney Lenze before filing the April 2021 motion to compel, and they surely would have done so once Mentor's counsel urged them to do those things. Instead, as Attorneys Dogali and Uberoi all but admitted in their supplemental memorandum, they did not carefully review the pertinent transcripts until *after* filing their motion to compel. Prudent attorneys who had conducted a minimally reasonable pre-filing review would never have filed that motion, and they would never had persisted with that motion upon conceding that it was premised on a misunderstanding of what the court had required of Mentor in the October 2019 order.

By December 13, 2021, Mentor shall provide Attorneys Dogali and Uberoi with an itemized list of the fees and costs it expended in opposing the Gravitts' April 2021 motion to compel. The parties shall attempt to resolve any disputes regarding the reasonableness of the

fees and costs for which Mentor seeks reimbursement, and they shall bring any unresolved disputes to the court's attention. When the final amount of Mentor's reasonable expenditures is set, either by the parties or the court, Attorneys Dogali and Uberoi shall reimburse Mentor for those expenditures, without passing on any portion to the Gravitts themselves.

November 29, 2021

_____
United States District Judge