**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CATHERINE GRAVITT and TRAVIS GRAVITT, | |
| Plaintiffs, | |
| v. | CASE NO: 1:17-CV-05428 |
| MENTOR WORLDWIDE, LLC, a foreign corporation, | |
| Defendant. | |

## PLAINTIFFS' MOTION FOR RELIEF FROM THE JUNE 7, 2022, SCHEDULING ORDER DEADLINE TO SERVE REBUTTAL DISCLOSURES

Plaintiffs, CATHERINE GRAVITT and TRAVIS GRAVITT, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16, Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1), Northern District of Illinois Local Rule 26.1 and 61.1 moves this Court for relief from the deadline to file rebuttal experts of July 15, 2022, as set forth in the Notification of Docket Entry [317]. Specifically, Plaintiffs request that they be permitted to serve the rebuttal report of Lawrence S. Mayer, M.D., M.S, Ph.D. attached hereto as Exhibit "1" to the Declaration of Barbara Uberoi ("Uberoi Declaration").

Plaintiffs wish to submit the report of Dr. Mayer which will address the opinions of Mentor Worldwide LLC's expert Robert D. Gibbons, Ph.D. As described herein, Dr. Mayer, due to medical reasons, became mistaken regarding the rebuttal due date of Friday, July 15, 2022. Upon learning that there was a different deadline, Dr. Mayer used his best efforts to prepare his rebuttal report prior the July 15, 2022, deadline.

1

This Court will weigh four factors to determine whether to grant relief for failure to disclose a witness: (a) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See Litterer v. U.S.*, 545 F. Supp. 3d 625, 643 (N.D. Ill. 2021) *quoting Lopez v. Sheriff of Cook Cty.*, 2020 WL 1530739, at *11 (N.D. Ill. Mar. 31, 2020) *aff'd*, 993 F.3d 981 (7th Cir. 2021). As discussed herein, Dr. Mayer's flare up of a disabling medical condition contributed to confusion regarding the deadline to submit his report. Defendant will not be prejudiced by the late production and will be able to promptly cure any prejudice, there is no trial date, and there is no evidence of bad faith or willfulness.

## I.     FACTS RELEVANT TO THIS MOTION

### A.  The July 15, 2022, Rebuttal Deadline Was the Last of Many Changes to the Schedule.

With the cooperation of the parties, Plaintiffs' rebuttal expert disclosure was due to be served on July 15, 2022. The date was derived from events arising after Plaintiffs served their expert witness disclosure on February 10, 2022, in compliance with the Court's scheduling order [D. 306] dated January 22, 2022. On February 24, 2022, Plaintiffs served an amended expert witness disclosure to include an expert report that had been sent to former co-counsel before she withdrew but was not forwarded to Plaintiffs' counsel. See Joint Motion to Amend Scheduling Order [D. 309] ¶¶ 33-34. Plaintiffs served their experts reliance materials on February 23, 2022. Per the January 22, 2022, order, Defendant was to serve its expert witness disclosure on March 14, 2022. [D. 306]

Meanwhile, Mentor's counsel transitioned to a new law firm on March 1, 2022, which left counsel concerned that there may be a period of time where there would be limited access to

2

documents. [D. 309 ¶ 7] In light of the delayed expert reports and production, and counsel's transition to a new firm, the parties sought an extension of the scheduling order which the Court granted on February 25, 2022. [D. 309, D. 310] Defendant was scheduled to serve its expert disclosure on March 14, 2022, but the date was continued to March 28, 2022. [D. 10] Plaintiffs were to serve their rebuttal disclosure on April 17, 2022. [D. 310]

As Mentor's counsel continued to transfer into the new firm, they learned that an expert clinician had a busy patient schedule that required additional time to prepare his report. [D. 11 ¶¶ 2-3] Plaintiffs' counsel agreed to extend the deadline for Defendant to submit its expert disclosure to April 30, 2022, which the Court approved. [D. 311, D. 313] On March 14, 2022, the Court granted the rescheduled Plaintiffs' deadline to submit their rebuttal disclosure to May 31, 2022. [D. 313] Defendant served its expert disclosure on April 29, 2022. *See* Uberoi Declaration Exhibit "2."[1]

After service of Defendant's expert witness disclosure, the parties began scheduling the expert depositions. [D. 316 ¶¶ 1-9] Though Plaintiffs' experts were quickly scheduled, Defendant's experts were more difficult to schedule due to availability of both the experts and counsel. [D. 316 ¶ 10] Plaintiffs, like the Defendant, required addition time for a rebuttal expert to complete a report. [D. 316 ¶ 13] The parties agreed to extend the expert witness disclosure deadline to July 15, 2022, as long as the disclosed expert or experts were available for deposition before July 31, 2022. [D. 316 ¶ 17] See Uberoi Declaration Exhibit "3." At the request of the parties, the Court entered its order amending the disclosure schedule to July 15, 2022. [D. 317] The July 15 date was set.

---

[1] Plaintiffs attach only the reports that are relevant to this motion.

### B. DEFENDANT'S EXPERT WITNESS DISCLOSURE PROVIDED THE REPORT OF A STATISTICIAN ROBERT D. GIBBONS, PH.D.

Defendant's expert disclosure, served on April 29, 2022, identified seven experts including Dr. Gibbons, a statistician. Dr. Gibbons' report, dated March 29, 2022, expresses fourteen opinions addressing the statistical validity of rupture in Mentor's product labeling, Core Study, Adjunct Study, PAS study, and similar international studies. [D. 321-15] On this foundation, Dr. Gibbons opines that the studies evidence no increased risk of breast cancer, connective tissue disease, rheumatoid arthritis, or fibromyalgia associated with breast implantation.

The report purports to establish "a test for statistical reliability" to prove that those tests were indeed reliable – all issues that were dismissed from Plaintiffs' complaint on the bases of express and implied preemption. [D. 71] Since the claims were dismissed Plaintiffs could not conduct discovery into the validity of the tests.

### C. PLAINTIFFS RETAINED DR. MAYER TO ASSESS THE RELIABILITY AND LIMITATIONS OF DR. GIBBONS' OPINIONS.

Plaintiffs first communicated with Dr. Mayer in late September 2021 in preparation for expert discovery. *See* Uberoi Declaration ¶ 3. Since then, counsel and Dr. Mayer communicated in October 2021, November 2021, December 2021, January 2022, February 2022, and March 2022, in order to develop certain theories regarding the case and advising Dr. Mayer of the frequently shifting disclosure dates. See Uberoi Declaration ¶ 3, Mayer Declaration ¶ 8, Uberoi Declaration Exhibit "4," "5," "6."

When Defendant served its expert disclosure, Plaintiffs forwarded a copy of Dr. Gibbons' report to Dr. Mayer. See Mayer Declaration ¶ 13. Dr. Mayer was asked to provide a statistical analysis of the rupture of Memory Gel silicone gel-filled breast implants and an analysis of the disclosure of risks of rupture of the implants in the 2009 Patient Labeling and Product Insert Data

Sheet. See *id.* ¶ 13. Plaintiffs' counsel continued to communicate with Dr. Mayer through May, June, and July 2002. See Uberoi Declaration ¶ 4, Mayer Declaration ¶ 3, Uberoi Declaration Exhibits "7," "8."

### D. CONFUSION REGARDING THE EXPERT REBUTTAL DEADLINE ARISING FROM MULTIPLE CHANGES IN THE DEADLINE AND DR. MAYER'S ILLNESS.

#### 1. Dr. Mayer Had Been Informed of Multiple Changes to the Expert Disclosure Schedule.

Dr. Mayer had been advised on Mentor's requests for extensions to submit its expert disclosure and the anticipated thirty-day turn-around time for the rebuttal report. At the time Defendant's expert report was finally served, the deadline to submit rebuttal reports was May 31, 2022. Uberoi Declaration Exhibit "4." A similar email was sent on May 26, 2022, when the parties confirmed that the agreed to requirements, Defendant's completion of rebuttal expert's depositions prior to August 1, 2022, could be met. *See* Uberoi Declaration Exhibit "7." On June 2, 2022, Plaintiffs' counsel confirmed with Dr. Mayer that the parties agreed to the new deadline of July 15, 2022. See Uberoi Declaration Exhibit "8," Mayer Declaration ¶ 9.

#### 2. Plaintiffs' Counsel Continued to Diligently Communicate with Dr. Mayer Regarding the Expert Report.

In June, as Plaintiffs' counsel continued to communicate with Dr. Mayer, but his response time was notably different. *See* Uberoi Declaration ¶ 4. Where Dr. Mayer would typically respond promptly to counsel's communications, there was a period of silence. *See id.* Counsel called Dr. Mayer on June 23, 2022, regarding the status of his investigation, the report, whether he needed additional information for his analysis, and simply to check on him. *See id.* Dr. Mayer advised counsel that he was working on the report, that a particular document was helpful, and he would let her know if he needed additional materials. *See id.*

**3. Dr. Mayer Became Seriously Ill Which Contributed to Confusion Regarding the Expert Disclosure Deadline.**

Dr. Mayer has been diagnosed with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See Declaration of Lawrence

S. Mayer, M.D., M.S., Ph.D., ¶ 3 Uberoi Declaration Exhibit "9." ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See *id.* ¶ 3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See id. As a result of Dr. Mayer's condition, he is disabled

as defined by the Americans with Disabilities Act. See *id.* ¶ 1 (sic).

Several times a year, Dr. Mayer has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮ See *id.* ¶ 2 (sic). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮. See *id.* ▮▮▮▮▮▮▮▮▮▮ See *id.* ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ See *id.* ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮ See *id.* ¶ 4.

On June 1, 2022, Dr. Mayer suffered an ▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮ See *id.* ¶ 4. When Plaintiffs' counsel notified Dr. Mayer of the revised disclosure

date on June 2, 2022, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮ See *id.* ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See *id.* ¶ 9.

**4. Confusion Regarding the Deadline Resulted in Plaintiffs' Failing to Serve Dr. Mayer's Report on July 15.**

With the understanding that Dr. Mayer had been working on his report in mid- to late-June,

Plaintiffs' counsel emailed to request the final report on July 14, 2022. See Uberoi Declaration

Exhibit "10." When Dr. Mayer and counsel spoke, he said that he was not aware of the July 15,

2022, deadline and that his report needed significant work. See Uberoi Declaration ¶ 5. Plaintiffs' counsel had obtained an extension to the morning of July 18, 2022, for another expert so there was some additional time. See Uberoi Declaration ¶ 6. Counsel requested Dr. Mayer's report on July 17 and July 18 at 7:44 a.m. See Uberoi Declaration Exhibit "11." Despite diligently working, Dr. Mayer was unable to complete the report by July 18, 2022 but completed the report on July 31, 2022. See Mayer Declaration ¶ 16. Defendant would not agree to a jointly extending the time to submit the report. See D. 321-9.

Plaintiffs served their Rebuttal Expert Witness Disclosure on July 18, 2022. See D. 318-7, D. 321-6. The rebuttal disclosure identifies Dr. Mayer, his expertise, and that he will rebut the opinions of Dr. Gibbons though the report could not be attached. The disclosure also attached Dr. Mayer's C.V. with a list of his publications, a list of his appearances at trial, and a preliminary reliance list. Dr. Mayer's rates for study and deposition were identified.

**E.** **THE SCHEDULING STATUS OF THE CASE RELEVANT TO THE COURT'S ANALYSIS WEIGH ON GRANTING AN EXTENSION OF THE DEADLINE TO SUBMIT DR. MAYER'S REPORT.**

The scheduling status of this case should be assessed in determining whether a failure to disclose a witness was substantially justified or harmless, prejudicial to Defendant, and easily cured. As of July 21, 2022, Defendant has deposed all of the Plaintiffs' witnesses identified in their expert disclosure. Plaintiffs had offered dates, including weekends through July 31, 2022, to allow Defendant to depose the witnesses identified in the Plaintiffs' Rebuttal Disclosure as it requested. Defendant's experts are scheduled to be deposed on August 3, 2022, August 11, 2022, and August 12, 2022 (Dr. Gibbons). The deadline to file dispositive and Daubert motions is August 31, 2022. [D. 317]

Defendant's counsel elected not to take the depositions of Plaintiffs rebuttal experts because it planned on filing a motion to strike the rebuttal disclosure. See Uberoi Declaration Exhibit "12." Plaintiffs have filed an opposition to Defendant's motion to strike. No trial date has been set. [D. 317]

## II.   ARGUMENT, AUTHORITIES AND THE APPLICATION OF FACTS TO LAW WHICH JUSTIFY AN EXTENSION OF TIME.

### A.   DISCRETION IN REVISING DISCOVERY SCHEDULES

A district court is required to set a schedule, including discovery deadlines, to secure a just, speedy, and inexpensive determination of the issues of a case. *See* Fed. R. Civ. Pro. 16(b), N.D. Ill. R. 26.1(1). Discovery schedules are to include a closing date including discovery regarding a party's expert witnesses. *See* Fed. R. Civ. Pro. 16(b)(3)(A), N.D. Ill. R. 26.1(4), N.D. Ill. Standing Order Establishing Pretrial Procedure § 4. ("Standing Order"). Once the Court orders specific deadlines such as those to disclose experts, a party must make their disclosures at the specified time. *See* Fed. R. Civ. Pro. 26(a)(2). Yet, the deadlines may be amended to achieve the goal of a just trial on motion by either party. *See* Standing Order §§ 1, 4.

The Court should not be so regimented as to automatically sanction a party by precluding expert evidence where "the failure was substantially justified or is harmless" based on the facts of the case. Fed. R. Civ. Pro. 37(c)(1). The Seventh Circuit has fixed four factors to guide the Court's discretion in determining whether to grant relief for the failure to disclose a witness:

(a) prejudice or surprise to the party against whom the evidence is offered;

(2) the ability of the party to cure the prejudice;

(3) the likelihood of disruption to the trial; and

(4) bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*See Keach v. U.S. Trust Co.*, 419 F.3d 626, 641 (7th Cir. 2005) (affirming trial court's discretion in permitting admission of opinions not previously disclosed). The factors apply to a determination as to whether or not to permit the late filing of an expert report. *See Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 138 F. Supp. 2d 1088, 1094 (N.D. Ill. 2001).

**B. APPLYING THE SEVENTH CIRCUIT'S FACTORS, THE PLAINTIFFS' FAILURE TO DISCLOSE DR. MAYER'S REPORT WAS "SUBSTANTIALLY JUSTIFIED AND HARMLESS."**

**1. Dr. Mayer's illness and confusion regarding the date does not indicate "bad faith or willfulness" on the part of the Plaintiffs; it was a mistake.**

Plaintiffs' failure to disclose was not due to a lack of diligence or disregard for the Court's deadlines. Instead, it was directly related to Dr. Mayer's ▮Private Medical Information▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ it is understandable that he could make a mistake regarding the deadline to file his expert report.

Absences due to medical conditions provide justification for allowing the late production of an expert report. *See Perez v. Cook Cty Sherriff's Office*, 2022 WL 899964, *5 (N.D. Ill. Mar. 28, 2022) (accepting late file report submitted sixty-seven days late where attorney took maternity leave, the defendant did not rely on the deposition for purposes of its summary judgment, the delay would not disrupt the trial and there was no evidence of willfulness or bad faith). Dr. Mayer's excusable absence should not prejudice the Plaintiffs who provided notice of the deadlines, checked in with Dr. Mayer, and whose actions did not contribute to the timing of Dr. Mayer's flare-up.

**2. Granting Plaintiffs the opportunity to serve Dr. Mayer's report will not prejudice or surprise Mentor and it will have an opportunity to cure any prejudice resulting from the delay.**

Mentor will not have been prejudiced by allowing the report to be served late because it could have completed Dr. Mayer's deposition prior to the discovery cut-off date before it elected not to take the depositions of Plaintiffs' rebuttal experts. Mentor could have been able to prepare for the deposition, would have had an opportunity for its expert to rebut Dr. Mayer's testimony since the report was finished weeks before Dr. Gibbons August 12, 2022, deposition, and will have time to prepare its defense to the case. The late filed report will not prohibit Defendant from filing Daubert or other motions due on August 31, 2022. *See Gecker v. Menard, Inc.*, 2019 W 4166859, *2 (N.D. Ill. 2019) (finding no prejudice where defendant would not "'miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert.") *quoting Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). Plaintiffs will be able to serve Dr. Mayer's report on or before July 31, 2022. The report is short and concise, expressing opinions only as to statistical analyses proffered by Dr. Gibbons.

**3. Defendant could have completed the deposition of Dr. Mayer prior to the expert discovery cutoff date.**

Expert discovery does not close until August 12, 2022, which would have allowed Defendant time to prepare for and to take Dr. Mayer's deposition had it chosen to proceed with the rebuttal depositions. *See Finwall v. City of Chicago*, 239 F.R.D. 494, 499 (N.D. Ill. 2006) ("It would be [] inappropriate to provide expert reports so near to the close of discovery that the other side could neither depose nor the expert engage a rebuttal expert on his own."), *Sherrod v. Lingle*, 223 F.3d 609, 613 (7th Cir. 2000) (authorizing late service of expert report where parties had time to prepare for the examination of experts). The current deposition schedule would have allowed

Defendant to depose Dr. Mayer on August 2, August 4, and August 8-10.[2] Defendant originally

was willing to depose Plaintiffs' rebuttal experts during the last two weeks of July, even with the

late disclosure Mentor would still have five working days to complete the deposition before the

expert disclosure cut off.

      a.    <u>Defendant's expert statistician is scheduled to be deposed on the last day of the expert discovery cut-off period, after Dr. Mayer's deposition, providing an opportunity to rebut Dr. Mayer's opinions.</u>

One fact that courts consider to determine if prejudice exists is whether the opposing party

can engage a rebuttal expert. *See Gecker v. Menard, Inc.*, 2019 W 4166859, *2 (N.D. Ill. 2019),

*Finwall v. City of Chicago*, 239 F.R.D. 494, 499 (N.D. Ill. 2006) ("It would be [] inappropriate to

provide expert reports so near to the close of discovery that the other side could neither depose nor

the expert engage a rebuttal expert on his own.") The risk of prejudice to the Defendant would

have been further reduced by the fact that the deposition dates proposed above are all prior to the

August 12, 2022, deposition of Defendant's expert statistician, Dr. Gibbons. Dr. Gibbons would

have had the opportunity to consider Dr. Mayer's opinions prior to his own deposition.

      b.    <u>Defendant has received Dr. Mayer's credentials, publications, trial appearances, and a preliminary reliance list which will provide them with an advanced opportunity to prepare for his deposition.</u>

Plaintiffs have also provided Dr. Mayer's *curriculum vitae*, a list of his publications, a list

of his appearances at trial, and a preliminary reliance list. Courts have held that production of these

items provide the opposing party an advance opportunity to prepare for some portions of the

deposition in advance. *See Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 138 F. Supp.

2d 1088, 1094-1095 (N.D. Ill. 2001) (refusing to exclude expert where party provided his name in

the expert disclosure and the opposing party had an opportunity to depose the expert.) To the extent

---

[2] Dr. Mayer is available to be deposed through a video conference platform, therefore no travel time would be required.

that Defendant will seek to disqualify Dr. Mayer based on his qualifications or lack thereof, prior deposition testimony, or discrepancies in his publications, Defendant can prepare for the deposition prior to receiving Dr. Mayer's report.

       **4.** **There has been no date set so the factor related to disrupting the trial is moot.**

As no trial date has been set in this action, the Seventh Circuit's requirement that the Court consider whether there will be disruption of the trial date is inapplicable.

## III.   CONCLUSION

Neither Plaintiffs, Catherine Gravitt and Travis Gravitt, nor their expert Dr. Mayer could have foreseen that he would have had a flare-up of his disabling condition at the time that he was advised of the newly changed expert disclosure date. Upon learning of the mistake, Dr. Mayer made his best efforts to complete the report which has been attached as Exhibit "1." Under these facts and those stated *supra*, the Plaintiffs have established there is no prejudice or surprise to Mentor Worldwide LLC, the company will be able to cure the delay, there will be no delay in the trial, and – most importantly – Plaintiffs did not act willfully or in bad faith when failing to serve Dr. Mayer's expert disclosure. Plaintiffs request that this Court grant their request and allow them to serve Dr. Mayer's report beyond the rebuttal expert disclosure deadline as it is in the interest of fairness and justice.

## IV.   STATEMENT OF GOOD FAITH

The undersigned, counsel for Plaintiffs affirms that I conferred with Dustin B. Rawlin, Esq., counsel for Mentor, on July 18, 2022, via telephone in an attempt to resolve the discovery disputes set forth herein. Further, the parties have emails regarding the issues raised in this motion. Plaintiffs bring this motion as the parties were unable to reach an accord.

## V.    CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via ECF to Defendant's counsel of record at sherry.knutson@tuckerellis.com and Dustin.Rawlin@nelsonmullins.com on August 2, 2022.

**DOGALI LAW GROUP, P.A.**

*/s/ Barbara Uberoi*
Andy Dogali
Fla. Bar No.: 0615862
Barbara U. Uberoi
Fla. Bar No.: 0145408
19321 U.S. Highway 19 N., Suite 307
Clearwater, FL 33764
Telephone: (813) 289-0700
Facsimile: (813) 289-9435
Primary Emails: adogali@dogalilaw.com;
buberoi@dogalilaw.com
Secondary Email: lfair@dogalilaw.com;
kgoss@dogalilaw.com

Peter J. Flowers
Ill. Bar No.: 0145408
MEYERS & FLOWERS, LLC
3 North Second St., Ste. 300
St. Charles, IL 60174
Telephone: (630) 289-9435

*Attorneys for Plaintiffs*

13